## THE PEOPLE *v.* PÉREZ.

### APPEAL from the District Court of Mayagüez.

No. 20.—Decided June 25, 1904.

APPEAL—BILL OF EXCEPTIONS—MINUTES OF THE TRIAL.—Although no bill of exceptions is included in the transcript of the record, the court may consider and pass upon the exceptions taken at the trial.

EVIDENCE—MINORS—ADMISSIBILITY—NEW TRIAL.—The refusal of the trial court to require the attendance of an eyewitness to an act charged against a defendant, even though it appears that such witness is a boy and his competency to testify is open to some doubt, constitutes an error sufficient to justify the reversal of the judgment and the granting of a new trial.

The facts are stated in the opinion.

*Mr. José C. Ramos,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the following opinion of the court:

This is an appeal taken by Dulcidio Pérez Dávila from the judgment of the District Court of Mayagüez, which sentenced him to one year of imprisonment in the penitentiary of this Island at hard labor, or a fine of $500, with costs of the proceedings.

Said Dulcidio Pérez was accused, on September 13, 1903, by the prosecuting attorney of the district of Mayagüez, of the crime of seduction (felony), committed as follows:

"Aforesaid Dulcidio Pérez some time in December of 1902, and in this city, which forms part of this judicial district, seduced, under promise of marriage, Josefa Guerra y Colón, a young unmaried woman of previous chaste character, having carnal intercourse with her, and depriving her of her virginity. This act is contrary to the law in such case made and provided, and against the peace and dignity of the People of Porto Rico."

The accused pleaded not guilty, reserving his right to demand a jury, but having failed to do so, the trial was held

on April 22, last, before the law court of Mayagüez, when Josefa Guerra y Colón, the offended party, after referring to her amorous relations with the accused, declared that under the promise of marriage made by him she had yielded to the carnal act in the presence of a boy named Juan Santos. Here the attorney for the alleged offender requested the court to summon said Santos that he might be used as a witness, the presiding judge replying that he should apply to the clerk in the manner prescribed by the law referring to subpoening of witnesses. This the attorney did, and, his petition having been denied, he entered an exception, which appears upon the record. The hearing was proceeded with, several witnesses for the prosecution testifying, while the accused admitted having been in love with said Josefa Guerra, but adding that he had afterwards desisted therefrom as he had fallen in love with another young woman, and denied absolutely having committed the carnal act. In the course of the proceedings, said attorney also took exceptions to several rulings of the court. The evidence being taken, the hearing was suspended, owing to the lateness of the hour, and on April 13, last, being the day set for the continuation thereof, the prosecuting attorney demanded the conviction of the accused, while the latter's counsel asked that he be acquitted for want of evidence. When the accused appeared for judgment he stated that he had no cause to show why judgment should not be pronounced against him, for which reason, on the above-mentioned date, judgment was unanimously rendered, sentencing the defendant for the crime of seduction to the aforesaid punishment.

From the said judgment an appeal to this Supreme Court was taken by Attorney José C. Ramos, on behalf of the appellant, Dulcidio Pérez, praying that the defendant be acquitted, on the ground that the verdict was contrary to the evidence taken and, like the judgment, lacked foundation; or, in default of said acquittal, that a new trial be ordered. In sup-

port of the latter request he cited, as first reason, the refusal of the court to take Juan Santos' testimony, a refusal which, in his opinion, constituted a serious error of procedure, as was declared by this court in the case of *The People of Porto Rico v. José and Tomás Román,* appeal No. 33, and so also understood in cases of the Supreme Court of the State of California, which he cited. Three other grounds are also alleged which, like the preceding one, had also given rise to exceptions entered at the hearing before the Mayagüez court by Attorney Pascasio Fajardo, who was there the representative of the defendant.

The *fiscal* of this Supreme Court, for the reasons set forth in his brief, is of opinion that the judgment appealed from should be annulled and a new trial ordered. No bill of exceptions has been filed. But there is among the exceptions taken an important one which may involve a true reason for alleging that the accused was left without defense, namely, that referring to the refusal to take the testimony of Juan Santos, who is mentioned by the offended party as an eye-witness of the carnal act she declares was consummated by her lover, Dulcidio Pérez. It is true that in the record it is intimated that said Juan Santos is a child, and it may be doubted whether this child, by reason of his age, has sufficient capacity to give testimony in such a matter, which doubt is further emphasized in the mind by the fact that nothing is said in the record touching this point which might justify the court's refusal to take his testimony. But when we observe that this same child relates the facts to Narciso Cuevas and Sebastiana Sánchez, in such terms as perhaps enabled them to serve as witnesses for the prosecution with reference to the carnal act, it is to be presumed, in behalf of the defendant, that this child, in the same manner as he might confirm the statement of the offended girl, Josefa Guerra y Colón, might also deny that material fact, and completely reverse the opinion that may be entertained as to the defendant's guilt,

if, after testifying, the court should in any sense recognize his competency. Let us set aside all the other grounds alleged, as their consideration would be to no purpose, while the one referred to leads to the restoration of all the rights the appellant may have.

In view of the foregoing reasons, and acquiescing in the request of the *fiscal* of this court, which partly agrees with that of the defense, we are of opinion that the judgment rendered by the Mayagüez court, April 25, last, should be reversed, and said court ordered to proceed to a new trial in which the testimony of Juan Santos shall be heard; or to take such other action as may be authorized by law, with no assessment of the costs on appeal.

*Decided Accordingly.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.